21-cv-01457

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mack Industries, Ltd., et al. | ) | Appeal from United States |
| | ) | Bankruptcy Court for the Northern |
| Debtor. | ) | District of Illinois |
| | ) | |
| | ) | Case no. 19-ap-00442 |
| Ronald R. Peterson, not individually, but as | ) | |
| chapter 7 trustee for the estate of Mack | ) | Honorable Carol A. Doyle |
| Industries, Ltd., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Anyone Home, Inc., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Appeal from order dated March 5, 2021 (Dkt. 48 in originating adversary case 19-ap00442), dismissing Plaintiff-Appellant's Amended Complaint.

## BRIEF OF APPELLEE ANYONE HOME, INC.

Miriam R. Stein
Kara Allen
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60076
847-745-6592
mstein@gutnicki.com
kallen@gutnicki.com

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 8012(a) Appellee, Anyone Home, Inc., makes its corporate disclosure statement:

Anyone Home, Inc. is not owned by a parent corporation. No publicly held corporation owns 10% or more of the stock in Anyone Home, Inc.

# TABLE OF CONTENTS

Table of Authorities…………………………………………………………………..…..  i

Issue Presented …………………………………………………………………………... 1

Statement of the Case……………………………………………………………………….. 1

Summary of the Argument …………………………………………………………… 2

Argument: Anyone Home, Inc.'s Motion to Dismiss Was Properly Granted

    I.      Standard for Dismissal Under Rules 12(b)(6) and 9(b): ..…………………………… 3

    II.    The Trustee Failed to Plead Fraud with the Requisite Particularity, and by His Own Admission Cannot. …………….................................................................................. 5

    III.   Dismissal with Prejudice Was Proper as Amendment Would be Futile. ...………..... 11

    IV.   The Face of the Complaint Established Reasonably Equivalent Value and, Therefore, the Trustee is Not Entitled to a Constructive Trust…………………….. 13

Conclusion: ………………………………………………………………………….. 15

## TABLE OF AUTORITIES

**Cases and Secondary Source:**

*Bielecki v. Nettleton*, 183 B.R. 143 (N.D.Ill. 1995) …………………………………………… 1

*In re Brittwood Creek*, LLC, 450 B.R. 769 (N.D. Ill. 2011) …………………………………… 1

*Meyer v. Rigdon*, 36 F.3d.1375 (7th Cir. 1994) …………………………………………………… 1

*In re Airadigm Communications, Inc.*, 616 F.3d 642 (7th Cir. 2010) …………………………... 1

*Rocha v. Rudd*, 826 F. 3d 905 (7th Cir. 2016) …………………………………………………… 1

*Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007) ……………………… 1

*General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074
 (7th Cir. 1997) ……………………………………………….………………….. 3, 4, 6, 7

*Gierum v. Glick (In re Glick)*, 568 B.R. 634 (Bankr. N.D. Ill. 2017) ………………………… 3, 4

*PNC Equipment Finance, LLC v. Zilberbrand*, No. 12–cv–03074,
 2014 WL 448384 (N.D. Ill. Feb. 4, 2014) …………………………………………….… 3, 4

*Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996) ……………………………… 3

*United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834 (7th Cir. 2018) ……….. 3

*Khorrami v. Rolince*, 539 F.3d 782 (7th Cir. 2008) …………………………………………….. 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………………………………… 4

*Cox v. Grube (In re Grube)*, 500 B.R. 764 (Bankr. C.D. Ill. 2013) …………………….. 4, 10, 11

*Marwil v. Oncale (In re Life Fund 5.1 LLC)*, No. 10-ap-42, 2010 WL 2650024
 (Bankr. N.D. Ill. June 30, 2010) …………………………………………………….. 4, 10

*KHI Liquidation Trust v. C. Goshy Enterprises, Inc. (In re Kimball Hill, Inc.)*, No.
 10-ap-998, 2012 WL 5880657, at *5 (Bankr. N.D. Ill. Nov. 19, 2012) ………………… 4

*Martino v. Edison Worldwide Capital (In re Randy)*, 189 B.R. 425
 (Bankr. N.D. Ill. 1995) ………………………………………………………………….. 4

*Reinbold v. Morton Community Bank (In re Mid-Illini Hardwoods, LLC)*,

i

576 B.R. 598, 604 (Bankr. C.D. Ill 2017) …………………………………………… 5

*In re Geltzer*, 502 B.R. 760, 766 (Bankr. S.D.N.Y. 2013) ………………………………….5

*Brandt v. KLC Financial, Inc. (In re Equipment Acquisition Resources, Inc.)*,
481 B.R. 422, 427 (Bankr. N.D. Ill. 2012) ……………………………………………5

*Levine v. Prudential Bache Properties, Inc.* 855 F.Supp. 924 (N.D.Ill. 1994) ………………… 7

*U.S. v. Zabka*, 2010 WL 2985356 (C.D.Ill. 2010) …………………………………………… 7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ……………………………………………………... 10

*United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*,
836 F.3d 770 (7th Cir. 2016) ……………………………………………………... 10

2 James Wm. Moore et al., Moore's Federal Practice § 9.03[1][b] (3d ed. 2015)) …………… 10

*In re Wolf*, 595 B.R. 735, 763 Bankr. N.D.Ill. 2018) ………………………………………… 11

*Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998) …………………………..11

*Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918 (7th Cir. 1992) …………………………… 11

*In re Hearthside Baking Co., Inc.*, 402 B.R. 233 (Bankr. N.D.Ill. 2009) ……………………… 11

*In re DBSI, Inc.*, 477 B.R. 504 (Bankr. D.Del. 2012) …………………………………………...11

*Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, (7th Cir. 2017) ………………………12

*Garrett v. McLauren*, No. 17-CV-871-JPG, 2018 WL 3546747, at \*2
(S.D. Ill. July 24, 2018) ………………………………………………………… 12

*Burton v. Bd. of Educ. for the City of Chicago*, No. 17 C 1337,
2018 WL 1453548, at \*1 (N.D. Ill. Mar. 23, 2018) …………………………………..12

*Raveling v. HarperCollins Publishers Inc.*, No. 04–2963, 2005 WL 900232
(7th Cir. Mar. 4, 2005) …………………………………………………………...12

*Matter of Kroner*, 953 F.2d 317, 319-320 (7th Cir. 1992) ………………………………………13

*In re Mid-Illini Hardwoods, LLC*, 576 B.R. 598 (Bankr. C.D. Ill. 2017)
(quoting *In re Caribbean Fuels Am., Inc.*, 688 F. App'x 890, 894–95
(11th Cir. 2017) ………………………………………………………..……..14

*In re Think Retail Sols.*, LLC, 2019 WL 2912717 (Bankr. N.D. Ga. July 5, 2019) …………..……14

*Peterson v. McLean*, No. 19-A-433, 2019 Bankr. LEXIS 3603
    (Bankr. N.D. Ill. Nov. 2019) …………………………………………………………………14

**Statutes and Rules:**

Fed. R. Civ. P. 9(b) …….,,,……………………………………………………………1, 2, 3, 11

Fed. R. Civ. P. 8 …………………………………………………………………………1, 4

11 U.S.C. §548(a)(1)(A) ..……………………………………………………………...1, 5

740 ILCS 160/5 (a)(2) ..……………………………………………………………………1

11 U.S.C. §548(a)(1)(B) …………………………………………………………………2, 4

740 ILCS 160/5 (a)(1) ……………………………………………………………………2

Fed. R. Bankr. P. 7009 ……………………………………………………………………3

740 ILCS 160/5 …………………………………………………………………… 5, 13

Fed. R. Civ. P. 12(b)(6) …………………………………………………………………… 5

11 U.S.C. §548 …………………………………………………………………… 13

Adversary Defendant and Appellee Anyone Home, Inc. ("Anyone"), by and through its attorneys, Gutnicki LLP, and for its Appellee's Brief states as follows:

## STANDARD OF APPELLATE REVIEW

The District Court functions as an appellate court when reviewing bankruptcy court decisions. *Bielecki v. Nettleton*, 183 B.R. 143, 145 (N.D.Ill. 1995). In bankruptcy appeals from core proceedings, conclusions of law are reviewed de novo while findings of fact are reviewed for clear error. *In re Brittwood Creek*, LLC, 450 B.R. 769, 773, (N.D. Ill. 2011), *Meyer v. Rigdon*, 36 F.3d.1375, 1378 (7th Cir. 1994), *In re Airadigm Communications, Inc.*, 616 F.3d 642, 652 (7th Cir. 2010). Dismissals under 12(b)(6) for failure to state a claim are reviewed *de novo*, and the Court may affirm on any ground contained in the record. *Rocha v. Rudd*, 826 F. 3d 905, 909 (7th Cir. 2016), *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (dismissed for failure to state claims with sufficient specificity under Fed. R. Civ. P. 9(b) and under the lesser standard of Fed. R. Civ. P. 8).

## STATEMENT OF FACT AND PROCEDURAL HISTORY

Anyone provided residential leasing services to the Debtor pursuant to two contracts with Mack Industries, Ltd. (the "Debtor") dated June 2013 and February 2014. In exchange for its contracted services, Anyone was paid $68,262 by the Debtor in a series of payments dated July 2013 through June 2014, with a final payment from the Debtor to Anyone of $12,000 made in May 2015.

Ronald R. Peterson, not individually, but as chapter 7 trustee for the estate of Mack Industries, Ltd. (the "Trustee") filed an adversary complaint against Anyone on March 22, 2019, seeking to avoid and recover the payments made to Anyone as fraudulent transfers based on claims of: (I) constructive fraud under 11 U.S.C. §548(a)(1)(A) and 740 ILCS 160/5 (a)(2); and (II) actual

1

fraud under 11 U.S.C. §548(a)(1)(B) and 740 ILCS 160/5 (a)(1). Anyone moved to dismiss on December 24, 2019 and its motion was granted on January 15, 2021.

The Trustee filed an amended complaint seeking the same relief on April 29, 2020 (the "Amended Complaint"). R. 40 - 55. Anyone filed a motion to dismiss the Amended Complaint on August 20, 2020. R. 56 – 71. After briefing and hearing, the Amended Complaint was dismissed with prejudice on March 5, 2021. The Bankruptcy Court found that the Trustee failed to plead fraud with the requisite particularity and further that the Trustee admitted he does not have information required to allege facts essential to satisfy Rule 9(b) in this case. R. 125 – 132.

For the reasons stated herein and, in the record, the Trustee's appeal should be denied and the Bankruptcy Court decision of the Honorable Carol A. Doyle dismissing the Trustee's Complaint with prejudice should be affirmed.

## SUMMARY OF THE ARGUMENT

The Bankruptcy Court properly dismissed the Trustee's Amended Complaint with prejudice as the Trustee has not and by his own numerous acknowledgements cannot plead its claims with the particularity required by Fed. R. Civ. P. 9(b). The Trustee seeks to avoid all payments made to Anyone by the Debtor as fraudulent Transfers. The Trustee admits that Anyone had a Contract with the Debtor for the work that is was paid for. The Trustee importantly does not allege that the work was not done or that the work was not worth what the Debtor paid for it.

Instead, the Trustee alleges that some or all of the transfers identified may be fraudulent if they were payments for work done to properties that the Debtor did not own. He further acknowledges that the records of the Debtor do not say what properties the work was done for and instead basis his belief that they might be fraudulent transfers because anywhere from 5% to 65% of payments the Debtor made to other vendors were for properties the debtor did not own. Because

the Trustee cannot specifically state whether the payments to Anyone were fraudulent based on the facts in the record in compliance with Fed. R. Civ. P. 9(b).

In his Appeal, the Trustee desperately tries to save his claims by again setting forth contradictory allegations and argument including that he pled sufficient facts in the Amended Complaint, that as a Trustee he need not meet the requirements of Fed. R. Civ. P. 9(b), that a Plaintiff need not prove its case at the pleading stage, and fraud can be alleged on information and belief. The Trustee's arguments fail, The Trustee's claims were properly dismissed with prejudice where Anyone argued further amendment would be futile given the facts, and he failed to respond to that argument.

## **ARGUMENT**

### I.      **Fraud Must be Plead with Particularity.**

The law of the Seventh Circuit is clear, whether a party is alleging actual fraud or constructive fraud, it must satisfy the heightened pleading standards of Rule 9(b). *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074,1079 (7th Cir. 1997); *Gierum v. Glick (In re Glick)*, 568 B.R. 634, 657 (Bankr. N.D. Ill. 2017); *PNC Equipment Finance, LLC v. Zilberbrand*, No. 12–cv–03074, 2014 WL 448384, at *9 (N.D. Ill. Feb. 4, 2014). As stated by the Trustee, when alleging fraud, the claimant must "state with particularity the circumstances constituting fraud . . .." Fed. R. Civ. P. 9(b); Fed. R. Bankr. P. 7009. Particularity means "the who, what, when, where and how: the first paragraph of any newspaper story." *Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996), *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018) (affirming dismissal for failure to state a claim of fraud with necessary particularity), *Gierum v. Glick*, 568 B.R. 634, 657-658 (Bankr. N.D.Ill. 2017) (affirming dismissal for failure to state a claim of fraud with necessary particularity). Moreover, even

3

pleadings subject to the lesser pleading standards of Rule 8, must plead "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (decided on other grounds and *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544,570 (2007) finding the plaintiff's complaint insufficient to state a claim for relief under the Sherman Act).

While the particularity standard is "somewhat relaxed" for a bankruptcy trustee because he may lack information that the debtor would have. See, e.g., *Cox v. Grube (In re Grube)*, 500 B.R. 764, 776 (Bankr. C.D. Ill. 2013); *Marwil v. Oncale (In re Life Fund 5.1 LLC)*, No. 10-ap-42, 2010 WL 2650024 (Bankr. N.D. Ill. June 30, 2010). Nevertheless, the law of the Seventh Circuit is clear, the Trustee must still comply with the "who, what, when, where and how test" of particularity. See *Life Fund 5.1*, 2010 WL 2650024 (fraudulent transfer claims filed by a trustee were dismissed for failure to plead the precise amount of the transfer, the date of the transfer, and the debtor from whose account the money was transferred), *General Elec. Capital Corp.*, 128 F.3d at 1079; *In re Glick*, 568 B.R. at 657; *PNC Equipment Finance, LLC*, 2014 WL 448384 at *9.

A plaintiff seeking to avoid a fraudulent transfer based on constructive fraud under §548(a)(1)(B) must plead and prove the following: (1) a transfer of the debtor's property or interest; (2) made within two years before the date the bankruptcy petition was filed; (3) for which the debtor received less than a reasonably equivalent value in return; and (4) that the debtor (a) was insolvent on the date of the transfer or became insolvent as a result, (b) engaged in business or a transaction as a result of which the debtor's remaining capital was unreasonably small, or (c) intended to incur, or should have known he would incur, debts he would be unable to pay. *KHI Liquidation Trust v. C. Goshy Enterprises, Inc. (In re Kimball Hill, Inc.)*, No. 10-ap-998, 2012 WL 5880657, at *5 (Bankr. N.D. Ill. Nov. 19, 2012); *Grube*, 2012 WL 3263905, at *4; *Martino v. Edison Worldwide Capital (In re Randy)*, 189 B.R. 425, 440 (Bankr. N.D. Ill. 1995). Under the

Illinois Uniform Fraudulent Transfer Act ("IUFTA") the elements are the same. *See* 740 ILCS 160/5; *Reinbold v. Morton Community Bank (In re Mid-Illini Hardwoods, LLC)*, 576 B.R. 598, 604 (Bankr. C.D. Ill 2017).

To prevail on a fraudulent transfer claim, a party must prove that an interest of the debtor in property was transferred by the debtor with actual intent to hinder, delay, or defraud a creditor. *In re Geltzer*, 502 B.R. 760, 766 (Bankr. S.D.N.Y. 2013); *Brandt v. KLC Financial, Inc. (In re Equipment Acquisition Resources, Inc.)*, 481 B.R. 422, 427 (Bankr. N.D. Ill. 2012); 11 U.S.C. § 548(a)(1)(A). To plead the claim with particularity, a party must specifically identify the transfers, including the property conveyed, the date of the transfers, and any consideration paid for the transfer, and plead facts that show actual intent to defraud. *Geltzer*, 502 B.R. at 769; 11 U.S.C. § 548(a)(1)(A). The plaintiff must plead the requisite intent - with respect to each transfer and must connect the allegations against the defendants to the scheme to defraud creditors. *Equipment Acquisition Resources*, 481 B.R. at 431-32. Actual intent can be proved by circumstantial evidence, often referred to as badges of fraud. See, e.g., *Id.* at 430-31. A single badge of fraud is insufficient to establish intent but the presence of several may create a presumption that the debtor acted with the requisite intent to defraud. Id. Under the IUFTA, the elements are the same. 740 ILCS 160/5; *Equipment Acquisition Resources*, 481 B.R. at 427, n.2.

Under Rule 12(b)(6) a motion should be dismissed if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. Fed. R. Civ. P. (12)(b)(6). The Trustee's barebones legal allegations fail to adequately support theories of actual or constructive fraud. Moreover, his allegations admit that he cannot meet the requisite standards. As such dismissal with prejudice was appropriate and should be affirmed.

## II. The Trustee Failed to Plead Fraud with the Requisite Specificity and by His Own Admission Cannot.

Despite the clear letter of the law setting forth the requirements of a claim for fraud, the Trustee argues how a "simple" complaint for fraud can survive a motion to dismiss. Describing it as "the paramount case" the Trustee cites to *General Electric Capital* for the first time in its appellate brief. The Trustee claims the case supports its argument that its "simple" Amended Complaint should have survived Anyone's Motion to Dismiss. *General Electric Capital* does not support the Trustee's argument.

In *General Electric Capital,* the Seventh Circuit found that the in that case Plaintiff pled the elements of a claim for constructive fraud, which it explained does not require intent, with sufficient specificity. Specifically, the Court affirmed the lower court's ruling that General Electric plead the elements of its claim with requisite specificity, where General Electric's Complaint included the following allegations:

> The promissory note and guaranties for the airplane were executed on December 23, 1991. Aero defaulted on its payments and GE Capital responded by replevying the airplane and obtaining a judgment against its guarantors (including Rental) for the remaining amount. Rental settled an unrelated class action on March 4, 1993. As part of the settlement, Rental "transferred, assigned and conveyed substantially all of its assets to LRC in exchange for a release of pending legal claims against Rental." Rental allegedly did not receive from LRC or the limited partnerships any reasonably equivalent value that would be applied to the deficiency due GE Capital. This transfer rendered Rental insolvent and "effectively precluded Rental from meeting any deficiency obligation to GE Capital for the aircraft under Rental's guaranty." Finally, GE Capital asked the district court [for relief].

*Id.* at 1080 (internal citations removed).

Relying on the elements of a claim for fraudulent conveyance under IUFTA as set forth in *General Electric Capital* and without analysis of the allegations set forth by General Electric in support of its claim, the Trustee concludes it too has pled its claim with the requisite particularity. Despite this conclusion, the Trustee goes on to explain in the same paragraph that it "did not know

6

certain particulars." Pl's App. Brief at p. 18. The Trustee's allegations and the facts at issue are not comparable to those set forth in the *General Electric* opinion.

Unlike the allegations in *General Electric Capital,* which include a specific allegation that the specific transfer of a substantially all (also identified as 95% of the debtor's assets) pursuant to the terms of a settlement agreement was without receipt of "any reasonably equivalent value." In contrast, the Trustee here again acknowledged unknown particulars, *has not alleged* what specific transfers were fraudulent, or that Anyone's services did not benefit the Debtor. Instead, the Trustee left the door open admitting that *some* or *most* of the transfers *may* have been for value and later he *cannot allege* that Mack did not receive value for the amounts paid to Anyone with respect to the specific payments he seeks to avoid.

While it may be true that the Trustee need not prove his case at the pleading stage, as stated in the *Levine* and *U.S. v. Zabka* cases, he is required to plead he circumstances of alleged fraud with particularity." *Levine v. Prudential Bache Properties, Inc.* 855 F.Supp. 924, 931 (N.D.Ill. 1994), *U.S. v. Zabka*, 2010 WL 2985356 at *3 (C.D.Ill. 2010). Which the Plaintiff here has failed to do. In the Levin case the court noted that the Defendants did not dispute that the complaint included a pleading of the time, place, content and manner of communication of the statements they allege to be fraudulent, but rather that the Plaintiff did not allege a detailed description of each defendants role. However, here the Complaint is lacking not explicit detail of each parties' actions, but specific allegations as to whether or not there was fraud.

Specifically, the Trustee alleges:

- service agreements were entered into between Anyone and Mack Companies.[1] R. 48 at ¶71;

- *"most" (but not all)* of the real estate being rented by Anyone was not owned by

---

[1] "Mack Companies" was a d/b/a of the Debtor.

the Debtor but by other entities. R. 48 – 49 at ¶¶71 – 72;

- The "beneficiaries of the agreements and the payments were *mostly* the other McClelland family entities." R. 49 at ¶74;

- "On average, only 24% of vendor transfers were on account of real estate owned by the Debtor or by American Residential, to whom the Debtor owed many contractual obligations. This percentage ranged from 5% to 65% for different vendors." *Id*. ¶ 76;

- "the agreements and transfers at issue in this complaint were *mostly* for parcels of real estate that the Debtor did not own." R. 50 at ¶81;

- that "the Debtor's books and records do not specifically identify the properties to which Anyone Home's services related" *even though* for many vendors "the Debtor specifically noted in its books and records the parcels of real estate tied to each payment." R. 49 at ¶¶75, 78;

- "a *portion* of these transfers up to 100% were for real estate that the Debtor did not own." *Id*. at ¶80; and

- that between July 2013 and May 2015, the Debtor made transfers to Anyone totaling $68,262. R. 48 at ¶66. A list of the alleged transfers is attached to the Amended Complaint as Exhibit A. In Exhibit A, the Trustee lists the sales between the parties and provides relevant check numbers and payment amounts. Exhibit A notably does not detail the Anyone invoice numbers paid by such checks and the alleged owner of the property which Trustee alleges received the ultimate benefit of Anyone's services.

Despite his acknowledgement that evidence is lacking regarding the receipt of value in exchange for the payments to Anyone, the Trustee concludes "because the Debtor did not own the real estate for which Anyone provided services, the Debtor did not benefit at all from Anyone's services. … Therefore, the Debtor did not receive a reasonably equivalent value for the obligations and transfers detailed in this complaint." R. 50 at ¶¶83, 86. These conclusions have no basis in fact and explicitly contradictory to the Trustee's earlier allegations confessing that the evidence is deficient. As concluded by the Bankruptcy Court, "even if the trustee could rely on mere "percentages" of "vendor payments" to satisfy the particularity requirement (which he cannot), the variability of this percentage is so significant (a range of 60%) that no reasonable inference can be

drawn from it." R. 131.

The Trustee again fails to allege facts with the requisite particularity concerning the Debtor's Alleged Insolvency. The Trustee is similarly vague in his allegations of the Debtor's insolvency in 2013 through 2015 – more than two to four years prior to the Debtor's bankruptcy. First, the Trustee describes the Debtor's alleged financial condition as of July 2014. *Id.* at ¶88. The Trustee states "in fact, because the Debtor was losing money, by July 2014, the Debtor was balance sheet insolvent and remained so until it filed for bankruptcy." R. 51 at ¶94. The July 2014 information cannot support the Trustee's allegations of insolvency for payments made prior to July 2014 – which based upon Exhibit A includes all but the last alleged payment of $12,000 on May 22, 2015 (or $56,261 of the $68,261 of alleged transfers).

Second, as to the Debtor's financial condition prior to July 2014, the Trustee again relies upon generalities and states "The Debtor's books and records reflect that, each month between July 19, 2013 and July 31, 2014, the Debtor's assets exceeded its liabilities *by an average* of July $1,941,345.96. R. 50 at ¶91. Yet, the Trustee states that during "that period [July 2013 and July 2014] the Debtor's assets averaged just $33,095,331.30, while its liabilities each month averaged $31,153,976.33" – which figures (albeit *on average*) appear to support the fact that the Debtor was solvent during this time. *Id*.

In fact, according to the Trustee's table of the Debtor's accounts payable the total outstanding accounts payable as of July 2013 was only $306,703.99 – a figure significantly less than the Debtor's cash holdings at that time. R. 51 at ¶97. Again, the Trustee's allegations in the Amended Complaint are inherently contradictory and cannot support his allegations that the Debtor was insolvent in 2013, 2014 and/or 2015. Moreover, review of the Trustee's chart of receivables – the receivables appear to peak in 2014 at $1,471,795.44 but then were paid down in

2015, at which time receivables were allegedly $577,032.20. This again appears to refute the Trustee's statements that the Debtor was insolvent after June 2014 and could not pay its bills (as the majority of the receivables were paid down by the following year). *Id.* at ¶97.

In his appeal, the Trustee sites to *Pirelli* for the proposition that "plaintiffs [alleging fraud] are not absolutely required to plead the specific date, place, or time of the fraudulent act" and then jumps to the conclusion that his complaint should survive even though he "does no know the properties for which Anyone provided its services for which it was paid" Pl's App. Brief p. 18. In doing so he ignores the second half of the sentence he has cited which importantly states that plaintiffs still must: "use some alternative means of injecting precision and some measure of substantiation into their allegation of fraud[.]" *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436 , 442 (7th Cir. 2011) (affirming dismissal for failure to state a claim), see also *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting the same text: Nevertheless, plaintiffs must "use some ... means of injecting precision and some measure of substantiation into their allegations of fraud." 2 James Wm. Moore et al., Moore's Federal Practice § 9.03[1][b], at 9-22 (3d ed. 2015)).

Similarly, the Trustee points to the *Cox v. Grube* case for the proposition that the court found that Rule "9(b) was satisfied because the complaint sufficiently identified the transfers made by the debtor by the date and amount." Pl's App. Brief p. 19, citing to *Cox v. Grube*, 500 B.R. 764, 767-768 (Bankr. C.D.Ill. 2013). And in *In re Life Fund 5.1 LLC*, the Court states that the Trustee plead sufficient facts for each allegedly fraudulent transfer including the date of the transfer, the amount of the transfer, the transferee, except the manner of the transfer. However, Trustees in those cases sought to avoid those specific transfers identified as fraudulent. Again, here the Trustee does not go that far. Instead he lists all the transactions and says some or most of them may be

fraudulent and that he cannot determine that because the books and records do not say for certain what services were or were not provided.

Next, again admitting that he does not have the requisite specificity he argues that Anyone may have the information and that as a Trustee he should be given leniency with respect to the specificity requirements of Rule 9 as counseled in *In re Wolf*, 595 B.R. 735, 763 Bankr. N.D.Ill. 2018), and *Corley v. Rosewood Care Ctr.*, 142 F.3d 1041, 1051 (7th Cir. 1998). In so doing he ignores that the Trustee in both cases identify the specific transactions it seeks to avoid as fraudulent, not maybe fraudulent. Moreover, the Trustee ignores the statements in Anyone's motion that The Trustee does not state with any certainty, that Anyone's services did not benefit the Debtor. Anyone lacks any information or documentation to the contrary; Anyone's contract was with the Debtor, and pursuant to the Complaint, Anyone was paid by the Debtor; and that 100% of the transfers were for real estate that the Debtor *did* own – which is a fact supported by the terms of the contract between the parties.

Relying on *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992), *Cox*, 500 B.R. at 776, *In re Hearthside Baking Co., Inc.*, 402 B.R. 233, 255 (Bankr. N.D.Ill. 2009), and *In re DBSI, Inc.*, 477 B.R. 504, 509 (Bankr. D.Del. 2012), the Trustee argues that "9(b)'s particularity standard is "more relaxed" for a Plaintiff in the Trustee." Again, the Trustee's reliance is misplaced. In each of those cases, the Trustee was still required to meet the pleading standards of Rule 9(b) including specific allegations that certain acts were fraudulent, which he has failed to do in this case.

Finally, the Trustee argues that his claims should be allowed to stand because Rule 9(b) can even be satisfied when fraud is only alleged on information and belief. The Trustee did not plead his claims on information and belief, he specifically stated he did not know one way or the

other whether the transfers were fraudulent based on the information he had.

Accordingly, the dismissal of the Trustee's claims was proper and should be affirmed.

**III.    Dismissal with Prejudice Was Proper.**

As found by the Honorable Carol A. Doyle, Dismissal with prejudice was appropriate in this case because the Trustee cannot plead his claims with the requisite specificity. Dismissal with prejudice is appropriate where further leave to re-plead would be futile, such as where a party's theory of liability fails as a matter of law, *see Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 355 (7th Cir. 2017); *Garrett v. McLauren*, No. 17-CV-871-JPG, 2018 WL 3546747, at *2 (S.D. Ill. July 24, 2018), or where leave has already been granted and plaintiff failed to cure deficiencies in the original complaint. *Burton v. Bd. of Educ. for the City of Chicago*, No. 17 C 1337, 2018 WL 1453548, at *1 (N.D. Ill. Mar. 23, 2018). Dismissal with prejudice is also proper where a plaintiff admits that it does not have facts that would support its claim. *Raveling v. HarperCollins Publishers Inc.*, No. 04–2963, 2005 WL 900232 (7th Cir. Mar. 4, 2005).

Here failing to cure the fatal defects of his original complaint the Trustee re-pled the same barebones allegations in his Amended Complaint and further admitted that he cannot adequately plead his claims. The lack of facts in the Amended Complaint confirms that the Trustee's theory of liability is legally infirm and cannot be cured. Moreover, the Trustee's allegations show that he cannot plead the specific facts to prove his claim. Again, the Trustee acknowledges in the Amended Complaint that "that he does not have any records showing which properties were served by Anyone." R. 49 at ¶¶75 and 78. And further admits that Mack entered into the agreements with Anyone and made the payments due under the agreements to Anyone. *Id.* at ¶74.

Finally, in response to the Motion to Dismiss the Amended Complaint the Trustee did not respond to argument that the Amended Complaint should be dismissed with prejudice and

therefore effectively waived that argument. *Matter of Kroner*, 953 F.2d 317, 319-320 (7th Cir. 1992). Instead the Trustee bases entire elements of his claims on dubious and conclusory assertions (that are either unsubstantiated or are contradicted by his earlier allegations of alleged fact). For the reasons stated above, Defendant Anyone, Inc. respectfully asks that this Court affirm the Order granting its Motion to Dismiss the Amended Complaint with prejudice.

## IV. The Face of the Complaint Establishes Reasonably Equivalent Value and, therefore the Trustee's Claim for Constructive Trust was Properly Dismissed.

While not specifically addressed by the Bankruptcy Court, the Amended Complaint would also be properly dismissed because it established a reasonably equivalent value on its face, as argued in Anyone's motion to dismiss the Amended Complaint. Demonstrating lack of reasonably equivalent value is a predicate to a constructive fraud claim under ILUFTA and Section 548 of the bankruptcy code.

Under both the ILUFTA and Section 548, courts determine "reasonably equivalent value' in the context of fraudulent conveyance by determining the value of what was transferred and comparing it to what was received." *Creditor's Comm. Of Jumer's Castle Lodge, Inc. v. Jumer*, 472 F.3d 943, 947 (7th Cir. 2007) (*citing Barber v. Golden Seed Co., Inc.,* 129 F.3d 382, 387 (7th Cir. 1997)). "Fraudulent conveyance law, under both state and federal statutes, is concerned with the reality of whether the transferee conferred equivalent value on the debtor in the transaction sought to be avoided." *Balaber-Strauss v. Sixty-Five Brokers (In re Churchill Mortg. Inv. Corp.)* 256 B.R. 664, 681 (Bankr. S.D.N.Y. 2000). "[A] determination of whether value was given under Section 548 should focus on the value of the goods and services provided rather than on the impact that the goods and services had on the bankrupt enterprise." *In re Fin. Federated Title & Tr., Inc.*, 309 F.3d 1325, 1332 (11th Cir. 2002). Thus, in analyzing the sufficiency of Plaintiff's claims, "the question is not whether the debtor subjectively benefitted from the [services] it received; the

operative question is whether the property, goods, or services provided had objective value." *In re Mid-Illini Hardwoods, LLC*, 576 B.R. 598, 609 (Bankr. C.D. Ill. 2017) (quoting *In re Caribbean Fuels Am., Inc.*, 688 F. App'x 890, 894–95 (11th Cir. 2017); *see also In re Think Retail Sols.*, LLC, 2019 WL 2912717, at *15 (Bankr. N.D. Ga. July 5, 2019) (finding no fraudulent transfer when the debtors purchased $181,336 worth of airline tickets from the defendant so that third parties could go gambling, because the tickets had objective value, and also because "even when a third party benefits from the transfer, the debtor may receive value").

Based on this legal standard, the Amended Complaint failed in multiple respects. First, the Trustee did not – and cannot – plead that Anyone's services were objectively without value. Even if, as the Trustee claims, the ultimate beneficiary of Anyone's services were other related parties, he has failed to state a claim for relief because Anyone indisputably provided something of value (its services) in exchange for the Debtor's money. The Trustee acknowledges that the Debtor contracted for Anyone's services, and that Anyone provided such services. The Trustee even acknowledges that a portion (maybe even 100%) of the services may have been provided for real estate that the Debtor owns. There is no allegation that the payment exceeded the reasonable value of the services, let alone unreasonably so.

Second, as stated above, the Trustee does not even state with specificity that Anyone did not provide services to the Debtor. The Trustee acknowledges that there is no record to identify the properties to which Anyone's services related.

Third, services that allegedly benefitted related entities to the Debtor *also benefitted the Debtor*. One of the real estate owners purportedly benefitting from Anyone's services paid for by the Debtor, American Residential Leasing Co. LLC, is the very creditor Debtor was allegedly seeking to defraud.

14

Finally, as shown above, the Trustee cannot demonstrate the Debtor was insolvent at the time the alleged transfers were made. To state a constructive fraud claim under Section 548 or under Illinois state law, the Trustee must plead: "(1) a transfer of the debtor's property or interest; (2) made within two years before the date the bankruptcy petition was filed; (3) for which the debtor received less than a reasonably equivalent value in return; and (4) that the debtor (a) was insolvent on the date of the transfer or became insolvent as a result, (b) engaged in business or a transaction as a result of which the debtor's remaining capital was unreasonably small, or (c) intended to incur, or should have known he would incur, debts he would be unable to pay." *See Peterson v. McLean*, No. 19-A-433, 2019 Bankr. LEXIS 3603, at *10 (Bankr. N.D. Ill. Nov. 2019).

While the Trustee pled that the Debtor was balance-sheet insolvent "by July 31, 2014," he gives no basis to conclude the Debtor was insolvent prior to that date. Nor does he give any basis to conclude transfers prior to July 31, 2014, rendered the Debtor insolvent.

As the Trustee failed to allege a basis for finding that the Debtor did not receive reasonably equivalent value for its payment to Anyone, *and/or* fails to allege sufficient facts to support that the Debtor was insolvent at the time the alleged transfers to Anyone were made, the Trustee fails to state a legally cognizable claim for constructive fraud and Count I of the Amended Complaint was properly dismissed with prejudice.

## <u>CONCLUSION</u>

For the reasons stated herein the decision of the Honorable Carol A. Doyle to dismiss the Adversary Complaint filed against Anyone Home, Inc. by was correct. Accordingly, the Appellee requests that the Trustee's appeal be denied, and the decision of the Honorable Carol A. Doyle in the Bankruptcy Court be affirmed.

Respectfully Submitted,

Anyone Home, Inc.

By: */s/Kara Allen*

Appellee's Counsel
Miriam R. Stein
Kara Allen
Gutnicki LLP
4711 Golf Road, Suite 200
Skokie, IL 60076
847-745-6592
mstein@gutnicki.com
kallen@gutnicki.com

## CERTIFICATE OF SERVICE

I, Kara Allen, an attorney, hereby certify that on June14, 2021, I caused a copy of the foregoing *Brief of Appellee Anyone Home, Inc.* to be served electronically through the Court's Electronic Notice for Registrants on the individuals identified as such on the Service List below.

/s/ Kara Allen

## SERVICE LIST

(Service via ECF):
Jeffrey K. Paulsen
Justin R. Storer
Law Office of William J. Factor, Ltd.
105 W. Madison St., Suite 1500
Chicago, IL 60602
312.373.7226
jstorer@wfactorlaw.com
jpaulsen@wfactorlaw.com