UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE MACK INDUSTRIES, LTD., <br><br> Debtor. <br><br> RONALD PETERSON, as Chapter 7 Trustee for the Estate of Mack Industries, Ltd., <br><br> Appellant, <br><br> v. <br><br> ANYONE HOME, INC., <br><br> Appellee. | No. 21 CV 1457 <br><br> Judge Manish S. Shah <br><br> Appeal from the United States Bankruptcy Court for the Northern District of Illinois, Nos. 17-09308; 19-A-00442. |

**ORDER**

The judgment of the bankruptcy court is reversed. Enter judgment in favor of appellant and terminate case.

**STATEMENT**

The Chapter 7 Trustee for the Estate of Mack Industries filed an amended adversary complaint to recover money that Mack Industries paid to Anyone Home, Inc. The trustee's theory was that Mack Industries paid Anyone Home to dissipate assets and to defraud Mack's main creditor. The payments were "mostly" for work that Anyone Home did for the benefit of other entities, not Mack Industries. The bankruptcy court dismissed the amended complaint for failure to state a claim for relief, and the trustee now appeals.

The district court has jurisdiction over appeals from final orders of bankruptcy judges, and the trustee timely filed a notice of appeal. 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002(a); [1].[*] Courts review the dismissal of an adversary complaint de

---

[*] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings. The appendix containing the bankruptcy court record on appeal is [8]. Page numbers to the appendix refer to the pagination at the bottom of the appendix.

novo. *Zedan v. Habash*, 529 F.3d 398, 403 (7th Cir. 2008), disapproved of on other grounds by *Matter of Anderson*, 917 F.3d 566 (7th Cir. 2019).

A complaint must allege enough facts to state a claim to relief that is plausible on its face—with the alleged facts accepted as true and all reasonable inferences drawn in plaintiff's favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018). Ordinarily, an adversary complaint must contain a short and plain statement of the claim. Fed. R. Bankr. P. 7008; Fed. R. Civ. P. 8(a). But a party alleging fraud must state with particularity the circumstances constituting fraud. Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9(b).

The McClelland family ran a real estate business through several entities including the debtor in bankruptcy, Mack Industries. [8] at 32–33, ¶¶ 6–12. In 2014, Mack Industries could not sustain its obligations to a creditor, American Residential. [8] at 34, ¶¶ 21–27. It asked the creditor to renegotiate terms, and the debtor's VP of Sales and Marketing said it would transfer its assets to related entities for nothing in return to hinder the creditor's ability to pursue legal remedies. [8] at 34–35, ¶¶ 26, 30. In 2016, the debtor defaulted on its agreement with the creditor and in 2017, filed for bankruptcy. [8] at 37–38, ¶¶ 56, 58.

Between 2013 and 2015, Mack Industries cut thirteen checks to Anyone Home, Inc., totaling $68,262. [8] at 39, ¶¶ 66–68. Anyone Home had a service agreement with "Mack Companies"—an assumed name for the debtor. [8] at 39, ¶¶ 69–71. But Anyone Home was in the business of helping landlords manage tenants, and by the time Mack Industries was cutting the checks, it didn't own "most" of the real estate being rented out by the McClelland family. [8] at 33, ¶ 13; [8] at 39, ¶ 72. The complaint lists thirteen checks to Anyone Home by date, check number, memo, and amount. [8] at 46.

Mack Industries had a practice of using its funds to benefit other McClelland family entities, not Mack Industries. [8] at 40, ¶ 77. The debtor's books didn't identify the properties involved in Anyone Home's services, but because Mack Industries wasn't running a leasing business, the trustee alleged that "most of the transfers [to Anyone Home] were not for the Debtor's, but for others' properties." [8] at 40, ¶ 79. "A portion of these transfers, up to 100%," was for real estate that Mack Industries didn't own. [8] at 40, ¶ 80. Mack Industries "did not get any value for making the payments to Anyone Home because it did not own the real estate for which Anyone Home performed services" and "did not benefit at all from Anyone Home's services." [8] at 43, ¶ 106; [8] at 41, ¶ 83.

The trustee sued Anyone Home to recover the money. The amended complaint pursued theories of constructive fraudulent transfers (Count 1) and actual fraudulent transfers (Count 2). The bankruptcy court held that the amended complaint failed to state a claim because the trustee did not allege that the thirteen payments were for

services that benefited properties owned by someone other than Mack Industries or American Residential, the creditor for whom the trustee pursued the transfers. [8] at 120. To plead fraud with particularity, the bankruptcy court thought, it was not enough to allege that some or most of the transfers were for someone else's benefit. [8] at 121. And the trustee's allegation that some percentage of the debtor's vendor payments were for someone else's benefit was not enough to infer that the Anyone Home transfers necessarily fell within that percentage. [8] at 121.

Rule 9(b) applies to fraudulent-transfer claims. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1078–79 (7th Cir. 1997). The trustee was accusing the debtor of fraud, and with that comes "the concomitant desire to ensure that such fraught allegations are not lightly leveled." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011). Hence a requirement for particularity. *Id.* But the rule is flexible, especially when information lies outside of the plaintiff's control and information asymmetries may prevent a plaintiff from offering more detail. *Id.* at 442–443.

Here, the trustee acknowledged that the debtor's records did not identify the properties serviced by Anyone Home. [8] at 40, ¶ 78. The bankruptcy court thought that fatal to the trustee's ability to plead fraud with particularity. But the trustee alleged that Mack Industries schemed to dissipate its assets to defraud its creditor (allegations of intent that may be averred generally) and listed the specific dates and amounts of the transfers to Anyone Home. The amended complaint also explained why transfers to Anyone Home from Mack Industries suggested fraud—Mack Industries didn't own the real estate serviced by Anyone Home, didn't run a leasing business (so had no need for Anyone Home's services), and didn't benefit from those services. Those factual allegations support the accusation that the transfers were part of the plan to dissipate assets, not purchase something of value for Mack Industries. True, the trustee hedged and said the transfers were "mostly" for the benefit of others. That contradicted the other allegations that claimed no benefit at all. If most, but not all, of the thirteen transfers were not for the debtor's properties, then some were. Anyone Home had an agreement with the Mack Companies—suggesting that those parties engaged in some mutually beneficial business. On appeal, the trustee concedes that Mack Industries may have received value for some transfers. [11] at 20. And as the bankruptcy court observed, the creditor American Residential owned hundreds of properties and may have benefited from Anyone Home's services. [8] at 120.

The complaint's contradictions and failure to allege that the payments were for specific properties owned by others did not warrant dismissal of the complaint. It is a reasonable inference that at least a portion, if not all, of the thirteen transfers were not for Mack Industries' benefit. That is enough to put Anyone Home on notice of a claim for fraud. Anyone Home knows what transfers were at issue, when they occurred, who made them, and how they were alleged to be fraudulent—they were payments Mack Industries made to hide its assets from its creditor. Although the

3

complaint conceded that some of the transfers may have been legitimate, there was enough in the complaint to reasonably and plausibly suggest that some of the transfers were fraudulent. No more specificity was necessary in this context: the debtor intentionally dissipated its assets to cheat its creditor, the McClelland family ran other entities that stood to gain from the transfers, the debtor's business was inconsistent with the services offered by Anyone Home, and yet it paid Anyone Home thirteen times. The trustee may fall short of proving the claims and maybe the allegation that Mack Industries did not own the real estate serviced by Anyone Home is not true. But those are fights for another day. Even under the standard of Rule 9(b), the point of a complaint is to give notice, not prove the claim. *See Bankers Tr. Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (Rule 9(b) does not require full-scale fact pleading and it can be sufficient to allege conveyance of an asset with intent to defraud a creditor).

So as to the claim for "actual" fraudulent transfer, *see* 11 U.S.C. § 548(a)(1)(A); 740 ILCS 160/5(a)(1), the amended complaint was sufficient. The "constructive" fraud claim required the trustee to allege that Mack Industries received less than a reasonably equivalent value in exchange for the transfers and it was insolvent at the time. 11 U.S.C. § 548(a)(1)(B)(i), (ii)(I); 740 ILCS 160/5(a)(2). The bankruptcy court did not reach Anyone Home's argument that the trustee failed to allege the absence of reasonably equivalent value, but Anyone Home raises the argument on appeal. With de novo review, the judgment below can be affirmed on any ground supported by the record. *Nelson v. Welch*, 684 F.3d 684, 687 (7th Cir. 2012).

The complaint adequately alleged the lack of reasonably equivalent value and insolvency. First, the statute is clear that constructive fraud occurs "if *the debtor ... received* less than reasonably equivalent value." 11 U.S.C. § 548(a)(1)(B); *see also* 740 ILCS 160/5(a)(2) ("if *the debtor* made the transfer ... *without receiving* a reasonably equivalent value") (emphasis added). So whether someone else benefited from Anyone Home's services does not matter if Mack Industries did not receive reasonably equivalent value. Second, the allegation that Mack Industries did not get any value from the transfers ([8] at 43, ¶ 106; [8] at 41, ¶ 83)—albeit contradicted by the suggestion that some transfers may have been for value exchanged and the existence of an agreement between Anyone Home and the Mack Companies—was in context adequate. The complaint pled that Mack Industries had no reason to use Anyone Home's services for itself and some of the transfers must have been for non-Mack properties. Moreover, Mack Industries was intentionally dissipating its assets to defraud American Residential, which corroborates the allegation that it was not receiving equivalent value for its payments to Anyone Home. Finally, the trustee adequately pled insolvency by asserting that Mack Industries was over $2 million in the red on July 31, 2014, and its net income was negative $4 million between July 2013 and July 2014. [8] at 41–42, ¶¶ 88, 92. The facts may belie the claim of insolvency (especially for the earliest transfers at issue), but the amended complaint has enough to state a plausible claim.

4

The amended complaint did not present an overwhelming case for fraudulent transfer and its ambiguity and contradictions about the relationship between Mack Industries and Anyone Home understandably raised some doubt about whether the trustee adequately pled the claims under Rule 9(b). But on de novo review, I have a different read than the bankruptcy court and, with respect, conclude that the complaint provides the requisite level of particularity. The judgment of the bankruptcy court is reversed.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: August 2, 2021

5